JS 44 (TXND Rev. 2/10)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
HRB Innovations, Inc., and HRB Tax Group, Inc.

## DEFENDANTS
H&R Tax Pro of America

**(b)** County of Residence of First Listed Plaintiff: Jackson Co., Missouri
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Wick Phillips Gould & Martin, LLP
2100 Ross Avenue, Suite 950
Dallas, Texas 75201; (214) 692-6200

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | IMMIGRATION | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. 1114 (Lanham Act); 15 U.S.C. 1125 (Lanham Act); 15 U.S.C. 1117.
Brief description of cause:
Lanham Act Trademark Infringement; Lanham Act Unfair Competition; also other state law causes asserted.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Injunctive and Damages
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) PENDING OR CLOSED: (See instructions)
JUDGE _____  DOCKET NUMBER _____

DATE 02/23/2011
SIGNATURE OF ATTORNEY OF RECORD
/s/ Brant C. Martin

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Brant C. Martin
TX Bar # 24002529
David G. Gamble
TX Bar #24040946
WICK PHILLIPS GOULD & MARTIN, LLP
2100 Ross Ave., Suite 950
Dallas, Texas 75201
Telephone: (214) 692-6200
Facsimile: (214) 692-6255

and

Anthony J. Durone* MO Bar #43872
Stacey Gilman* MO Bar #55690
BERKOWITZ OLIVER WILLIAMS SHAW & EISENBRANDT LLP
2600 Grand Blvd., Suite 1200
Kansas City, Missouri 64108
Telephone: (816) 561-7007
Facsimile: (816) 561-1888
*pro hac vice applications forthcoming

ATTORNEYS FOR PLAINTIFFS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **HRB INNOVATIONS, INC., and** | § | |
| **HRB TAX GROUP, INC.,** | § | |
| | § | |
| **Plaintiffs,** | § | **Case No. 3:11-CV-00374** |
| | § | |
| v. | § | |
| | § | |
| **H&R Tax Pro of America,** | § | |
| | § | |
| **Defendant** | § | |

### PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs HRB Innovations, Inc. and HRB Tax Group, Inc. ("Plaintiffs") bring this cause of action against Defendant H&R Tax Pro of America ("Defendant" or "H&R Tax") based on its intentional trademark infringement and unfair competition. In particular, H&R Tax is infringing the famous "H&R Block" name and related trademarks by operating a directly competing tax

preparation business under the confusingly-similar name "H&R Tax." Plaintiffs seek, *inter alia*, injunctive relief, damages, and attorneys' fees, and respectfully show the Court the following:

## THE PARTIES

1. Plaintiff HRB Innovations, Inc. ("HRBI") is a corporation organized under the laws of the State of Delaware and is in good standing with that State. Its principal office is located at First Commercial Centre, Second Floor, Suite No. A P.O. BOX F 42411 Freeport, GBI, Bahamas.

2. Plaintiff HRB Tax Group, Inc. ("HRBTG") is a corporation organized under the laws of the State of Missouri and is in good standing with that State. Its principal office is located at One H&R Block Way, Kansas City, Missouri.

3. Plaintiffs both are wholly-owned indirect subsidiaries of H&R Block, Inc. and are part of a family of companies (collectively, "H&R Block") that together make up the largest provider of individual income tax preparation services in the United States. Among other locations, HRBTG operates offices within the State of Texas at which it provides individual income tax preparation services, and HRBI licenses the trademarks at issue in this suit to HRBTG (and other authorized licensees) for use in this state.

4. Plaintiffs are informed and believe and on that basis allege that Defendant H&R Tax Pro of America ("H&R Tax" or "Defendant") is a Texas entity, operating through multiple offices in Texas, including offices within this District, at which it provides individual income tax preparation services and other financial and related services in competition with Plaintiffs. On further information and belief, two such offices are located at 1734 S. Buckner Boulevard in Dallas, TX and 3021 Bachman Drive Suite 104 in Dallas, TX. H&R Tax operates in interstate

2

commerce generally and, in particular, through its actions that are designed to increase the number of federal tax returns it files.

## INTRODUCTION

5.      The H&R Block family of companies has been the market leader in tax preparation services for decades. Through the tireless efforts of H&R Block, its employees and its licensees, and through the development and implementation of extensive marketing plans, the name "H&R Block," as illustrated here in one of H&R Block's federally-registered trademarks:



has become synonymous with tax preparation. Defendant seeks to trade off H&R Block's reputation and goodwill by intentionally infringing and unlawfully trading upon H&R Block's well known name, protected trademark rights and earned goodwill.

6.      H&R Tax is a competitor in the tax return preparation industry and is capitalizing on Block's efforts and goodwill by (mis)using the distinctive term "H&R" to compete directly with H&R Block in the tax return preparation industry in an attempt to confuse and mislead the consuming public.

7.      By way of illustration, the following is a true and correct photograph of signage at one of H&R Tax's Dallas offices:



3

8. The confusingly similar attributes of this signage compared to H&R Block's protected name and intellectual property is striking. For example, the following is a true and correct picture of one of H&R Block's federally-registered trademarks for its name:

# H&R BLOCK®

9. Defendant contends that "H" and "R" are initials of persons connected with their business, but they have not produced any evidence to H&R Block to substantiate this claim. Moreover, Defendant has no known bona fide association or connection with the stylized presentation (including the ampersand, ordering and appearance) of the term "H&R" that H&R Tax has incorporated into its name and marketing.

10. To the contrary, H&R Block is informed and believes and on that basis alleges that Defendant intentionally incorporated H&R Block's intellectual property into its company name and marketing in order to confuse customers and to unduly and unjustly trade upon the association, goodwill, and reputation that H&R Block spent more than 50 years developing.

11. H&R Block is further informed and believes that Defendant's willful intent is evident, *inter alia,* from the fact that Defendant, in the course of its competitive business, on information and belief minimizes and deemphasizes all aspects of their actual corporate name other than "H&R Tax," and, in turn, emphasizes that confusingly similar – indeed, virtually identical – infringing portion of Defendant's name.

12. H&R Block has written Defendant and its counsel on at least three occasions and requested that Defendant immediately cease and desist its use of the term "H&R." In this correspondence, among other things, H&R Block has provided evidence that H&R Tax's infringement is causing actual confusion in the marketplace.

4

13. Despite these attempts to avoid litigation, Defendant has refused to cooperate and continues to willfully and openly infringe Plaintiffs' intellectual property.

14. Although indisputably on notice of H&R Block's rights and claims and of actual consumer confusion being caused by Defendant's unauthorized use of H&R Block's intellectual property, Defendant has willfully continued its unlawful conduct.

15. Defendant's actions violate the Lanham Act and Texas common law. Plaintiffs seek appropriate legal and equitable relief.

## JURISDICTION AND VENUE

16. This action is brought under the Lanham Act, 15 U.S.C. § 1114(1) for trademark infringement and under 15 U.S.C. § 1125(a) for unfair competition. Plaintiff also brings Texas state law claims for unfair competition and injury to business reputation.

17. The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338 and 15 U.S.C. § 1121. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

18. The Court has personal jurisdiction over the Defendant because the Defendant has offices in Texas and maintains continuous and systematic commercial contacts with Texas. Also, the Defendant has purposefully availed itself of the opportunity to conduct commercial activities in this forum, and this action arises out of those activities.

19. Venue is proper in this district under 28 USC § 1391.

## ALLEGATIONS COMMON TO ALL COUNTS

**A.    For Over Half A Century, H&R Block Has Worked Successfully To Establish Itself As A Market Leader in Tax Preparation Services.**

20.    In 1955, Henry and Richard Bloch transformed their book keeping business into a new company that specialized in income tax return preparation. The brothers called their new company H&R Block, Inc.

21.    Fifty-six years later, H&R Block's position as a market leader and a brand and franchising icon in income tax preparation services is undeniable. H&R Block now is the world's largest tax services provider, having prepared more than 550 million tax returns worldwide since 1955.

22.    Today, H&R Block:

- Prepares 1 in every 7 U.S. tax returns
- Has a retail office within 5 miles of most Americans
- Also provides tax return preparation services through H&R Block At Home™ online and desktop software products, and through other channels
- Delivers customized tax advice for more than 400 occupations
- Files 1 in every 5 Earned Income Tax Credits
- Has helped clients obtain more than $50 billion in tax refunds, credits and other government benefits in fiscal 2010.

**B.    H&R Block's Protected, Federally-Registered Trademarks.**

23.    Through the hard work of its employees and its franchisees, H&R Block has established itself as the dominant tax preparation provider in the industry. These efforts have resulted in the accumulation of valuable goodwill and name recognition.

24. H&R Block's marketing plans have built on these efforts to further increase the consuming public's awareness of H&R Block and its services. Through ongoing, national and local advertising campaigns, including in Texas, H&R Block has invested significant assets in developing brand identification, in particular with respect to the "H&R Block" name and related intellectual property.

25. H&R Block's advertisements, including the famous H&R Block name, regularly appear in print media, on radio, on television, and on the Internet; and the H&R Block name also appears on and in thousands of H&R Block offices nationwide, including multiple offices within short distances of Defendant's stores.

26. Indeed, H&R Block has been using its name, both as a name and incorporated into trademarks such as the registered marks discussed herein, (collectively the "Marks") continuously in interstate commerce, including in Texas, for many, many years in connection with its provision of tax and financial services to consumers.

27. As a result, these Marks have extremely strong secondary meaning among customers, who widely recognize the Marks as trademarks, indicating that the products and services sold in association with them originate from, are endorsed by and/or are offered in affiliation with the H&R Block family of companies, which includes Plaintiffs.

28. As described, H&R Block has spent more than 50 years developing goodwill associated with its name and related intellectual property. To protect those interests, H&R Block has federally registered numerous trademarks consisting of, including and incorporating its name with the U.S. Patent and Trademark Office. *See, e.g.,* U.S. Patent and Trademark Office ("PTO") Registration Nos. 2533014, 3213068 and 3338962. (Attached as "Exhibit A" are true and correct copies of printouts from the PTO's Trademark Electronic Search System reflecting

(1) 18 live federally-registered marks owned by Plaintiffs that consist of and/or include the name "H&R Block," and (2) detailed information regarding Registration Nos. 2533014, 3213068 and 3338962.)

29. The Marks are valid and protectable.

30. The Marks are unique and not generic.

31. The Marks are arbitrary and fanciful in that they do not describe or suggest anything about the products and services offered in connection therewith.

32. The Marks are strong and distinctive and have widespread marketplace recognition and secondary meaning.

33. The Marks have been in continuous use subsequent to their registration, for the entire period to date, including in Texas.

34. There is no proceeding contesting the owner's rights to the Marks or registrations listed above.

35. There have been no adverse decisions regarding the registrant's ownership or right to registration of the Marks or registrations listed above.

**C. Defendant is Intentionally and Willfully Infringing on Plaintiffs' Legally Protected Trademarks.**

36. Defendant and Plaintiffs compete for the same customers and draw from the same customer pool in and around Dallas, TX.

37. Defendant and Plaintiffs target their sales efforts to the same consumers.

38. Defendant is operating one or more tax preparation offices in Texas under the name "H&R Tax Pro of America" (with an emphasis on "H&R Tax" as illustrated by the signage depicted above).

39. Defendant does not have the consent of Plaintiffs to use the Marks.

8

40. Defendant is using the Marks in commerce in connection with the sale of tax preparation services and other financial services in competition with Plaintiffs.

41. Defendant has no need to use the Marks to describe its services and, in fact, they are not descriptive of Defendant's services.

42. Rather, the circumstances indicate that Defendant intentionally and willfully adopted a name similar to H&R Block's and incorporated the Marks into its marketing with the intent to create confusion in the marketplace and unjustly trade on H&R Block's goodwill and reputation.

43. Plaintiffs are informed and believe and on that basis allege that Defendant's use of "H&R Tax Pro of America," and, in particular, of "H&R," has caused, continues to cause, and was and is intended to cause a likelihood of confusion among consumers.

44. Indeed, a search of the Internet reveals multiple instances of actual confusion caused by Defendant's trademark infringement. For example, as of the date of this Complaint, www.superpages.com's listing for Dallas mistakenly states that H&R Tax's office location at 3021 Bachman Dr, Dallas, TX 75220 is "H&R Block." *See* <http://www.superpages.com/bp/Dallas-TX/HR-Block-L0128040108.htm>; *see also* <http://www.manta.com/c/mmbzc3t/h-r-block> (identifying this address as "H&R Block, H R Tax Pro America" and providing a company profile that purports to describe H&R Block as a "private company categorized under Tax Return Preparation and Filing. Current estimates show this company has an annual revenue of less than $500,000 and employs a staff of approximately 1 to 4."). (Attached as "Exhibit B" are true and correct copies of printouts from the superpages.com and manta.com listings for Dallas.)

45. Moreover, H&R Tax's S. Buckner and Bachman Drive offices in Dallas are both within extremely close proximity to legitimate H&R Block offices – increasing the likelihood and problem of customer confusion caused by H&R Tax's unlawful conduct.

46. Plaintiffs further are informed and believe and on that basis allege that H&R Tax seeks to make customers believe that "H&R Tax Pro of America" and H&R Block are one in the same or affiliated entities or that Defendant's goods and services are otherwise affiliated with or endorsed by Plaintiffs.

47. For all of these reasons, Defendant's infringement of the Marks is likely to confuse customers and cause injury to Plaintiffs.

## COUNT I - Lanham Act Trademark Infringement

48. Plaintiffs incorporate herein all prior allegations.

49. Defendant presently is using the term "H&R" and variants thereof in commerce to promote its tax preparation services.

50. Plaintiffs own and properly hold the exclusive rights to registered trademarks including the "H&R Block" name.

51. Defendant's actions are likely to create confusion among potential customers, as Defendant and Plaintiffs are competitors and draw customers from the same customer pool.

52. Defendant intends to create and is actually creating confusion by using the name "H&R Tax" to promote its competing tax preparation business.

53. On information and belief, through its use of Plaintiffs' Marks, Defendant has intentionally, willfully, and with knowledge sought to cause consumer confusion, mistake, and deception.

54. The above described acts and practices constitute violations of Section 32(a) of the Lanham Act (15 U.S.C. § 1114).

55. Plaintiffs have been or are likely to be injured as result of the material misappropriation of the Marks, either by direct diversion of sales from H&R Block to Defendant or by loss of goodwill associated with their services.

56. Unless Defendant is enjoined by this Court from continuing to misappropriate Plaintiffs' Marks, the consuming public will continue to be confused and Plaintiffs will suffer a loss of consumer confidence, sales, revenue and goodwill, to the irreparable injury of Plaintiffs.

57. Plaintiffs have no adequate remedy at law that would fully compensate them for injuries caused and continuing to be caused by Defendant's conduct as described herein.

## COUNT II - Lanham Act Unfair Competition

58. Plaintiffs incorporate herein all prior allegations.

59. Defendant's use of the term "H&R Tax" to promote its competing tax preparation business additionally constitutes unfair competition.

60. Defendant's use of a name and logo that are confusingly similar to the Marks to compete with H&R Block is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant and Plaintiffs, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by Plaintiffs.

61. Defendant's use of a name and logo that are confusingly similar to the Marks in commercial advertising or promotion, additionally misrepresents the nature, characteristics, qualities, or geographic origin of Defendant's goods, services, or commercial activities by falsely suggesting that Defendant's goods, services or commercial activities are provided by or in affiliation with Plaintiffs.

62. Defendant's actions are likely to create confusion among potential customers, and, on information and belief, are intended to do so.

63. The above described acts and practices constitute violations of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

64. Plaintiffs have been or are likely to be injured as result of Defendant's conduct, either by direct diversion of sales from H&R Block to Defendant or by loss of goodwill associated with their services.

65. On information and belief, Defendant has intentionally, willfully, and with knowledge sought to cause consumer confusion, mistake, and deception.

66. Unless Defendant is enjoined by this Court from continuing to misappropriate Plaintiffs' Marks, the consuming public will continue to be confused and Plaintiffs will suffer a loss of consumer confidence, sales, revenue and goodwill, to the irreparable injury of Plaintiffs.

67. Plaintiffs have no adequate remedy at law that would fully compensate them for injuries caused and continuing to be caused by Defendant's conduct as described herein.

## COUNT III – Common Law Trademark Infringement

68. Plaintiffs incorporate herein all prior allegations.

69. By virtue of the longstanding and continuous use of the Marks in Texas in connection with Plaintiffs' goods and services, Plaintiffs have acquired common law rights to the Marks in connection with those goods and services in this State.

70. Defendant's actions have caused, or will likely cause, confusion as to the origin or sponsorship of its services and convey the false and misleading impression that H&R Block provides, sponsors, endorses or is otherwise affiliated with Defendant and its goods and services in Texas.

71. Plaintiffs are informed and believe and on that basis allege that Defendant has been trading upon and continues to unfairly trade upon and appropriate the prestige, reputation, notoriety, fame, and goodwill of Plaintiffs, and is thereby deceiving the public.

72. The acts of Defendant constitute trademark infringement under the common law of the State of Texas.

73. Plaintiffs have been or are likely to be injured as result of Defendant's conduct, either by direct diversion of sales from H&R Block to Defendant or by loss of goodwill associated with their services.

74. Unless Defendant is enjoined by this Court from continuing to misappropriate Plaintiffs' Marks, the consuming public will continue to be confused and Plaintiffs will suffer a loss of consumer confidence, sales, revenue and goodwill, to the irreparable injury of Plaintiffs.

75. Plaintiffs have no adequate remedy at law that would fully compensate them for injuries caused and continuing to be caused by Defendant's conduct as described herein.

## COUNT IV – Unjust Enrichment

76. Plaintiffs incorporate herein all prior allegations.

77. Defendant has and will obtain substantial benefit from the use of the Marks without Plaintiffs' consent.

78. Plaintiffs have not received compensation for Defendant's use of the Marks.

79. Defendant has been unjustly enriched by its retention of the benefits from the use of the Marks without compensation to Plaintiffs. Allowing Defendant to retain such benefits without full compensation to Plaintiffs would be inequitable and would result in Defendant's unjust enrichment at Plaintiffs' expense.

80. Plaintiffs have been or are likely to be injured as result of Defendant's conduct, either by direct diversion of sales from H&R Block to Defendant or by loss of goodwill associated with their services.

81. Unless Defendant is enjoined by this Court from continuing to misappropriate Plaintiffs' Marks, the consuming public will continue to be confused and Plaintiffs will suffer a loss of consumer confidence, sales, revenue and goodwill, to the irreparable injury of Plaintiffs.

82. Plaintiffs have no adequate remedy at law that would fully compensate them for injuries caused and continuing to be caused by Defendant's conduct as described herein.

### COUNT V – Injury to Business Reputation Under Tex. Bus. Com. Code § 16.29

83. Plaintiffs incorporate herein all prior allegations.

84. Plaintiffs own valid and distinctive marks registered with the PTO under Title 15 of the U.S. Code, and the Marks are independently valid and distinctive through the common law.

85. Defendant's use, and intended use, of terms identical to or likely to be confused with the Marks, without Plaintiffs' consent, for the purpose of marketing and advertising Defendant's products, continues to cause confusion, mistake and deception in the minds of the public.

86. Defendant's actions are likely to injure Plaintiffs' business reputation or to dilute the distinctive quality of the Marks in violation of the Texas Business and Commerce Code § 16.29.

87. Plaintiffs are entitled to damages and injunctive relief to curtail Defendant's infringement.

**WHEREFORE**, Plaintiffs respectfully request that the Court:

(a)     issue a preliminary and permanent injunction ordering that Defendant, its agents, servants, employees, representatives, subsidiaries, franchisees and affiliates refrain from directly or indirectly using in commerce or causing to be published or otherwise disseminated any promotional materials, marketing, signage, advertising, or other utilization of the "H&R Block" name, any of Plaintiffs' other protected trademarks or any other confusingly similar indicia, including, without limitation, the names "H&R," "H&R Tax," "H R Tax" and "H&R Tax Pro of America."

(b)     issue a preliminary or permanent injunction ordering Defendant to remove, or cause to be removed, all advertisements, banners, signs, placards and other promotional materials that state or communicate the "H&R Block" name, any of Plaintiffs' other protected trademarks or any other confusingly similar indicia, including, without limitation, the names "H&R," "H&R Tax," "H R Tax" and "H&R Tax Pro of America."

(c)     award Plaintiffs:

       i.     Defendant's profits, gains, and advantages derived from Defendant's unlawful conduct, such damages to be trebled pursuant to 15 U.S.C. § 1117;

       ii.     all damages sustained by Plaintiffs by reason of Defendant's unlawful conduct, including all expenditures required to correct the false, misleading, and unfair misappropriation of Plaintiffs' trademarks, such damages to be trebled pursuant to 15 U.S.C. § 1117;

       iii.     exemplary and punitive damages as the Court finds appropriate to deter any future willful conduct; and

       iv.     interest on the foregoing sums;

(d)     award Plaintiffs' attorneys' fees and costs because Plaintiffs are "prevailing parties" under the Lanham Act; and

(e)     grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Brant C. Martin
Brant C. Martin TX Bar # 24002529
David G. Gamble TX Bar #24040946
WICK PHILLIPS GOULD & MARTIN, LLP
2100 Ross Ave., Suite 950
Dallas, Texas 75201
Telephone: (214) 692-6200
Facsimile: (214) 692-6255

and

Anthony J. Durone*   MO Bar #43872
Stacey Gilman*       MO Bar #55690
BERKOWITZ OLIVER WILLIAMS
SHAW & EISENBRANDT LLP
2600 Grand Blvd., Suite 1200
Kansas City, Missouri 64108
Telephone:   (816) 561-7007
Facsimile:   (816) 561-1888
*pro hac vice applications forthcoming

**ATTORNEYS FOR PLAINTIFFS**

17